EMMA LUCIANI, Respondent, v. FIVE BOROUGHS TRUCKMENS SERVICE ASSOCIATION, INC., and Another, Defendants, Impleaded with NEW YORK LINEN SUPPLY AND LAUNDRY CO., INC., Appellant.

First Department, February 2, 1934.

*Robert M. McCormick* of counsel [*Andrew Eckel* with him on the brief; *John H. Brogan*, attorney], for the appellant.

*Jacob Zelenko* of counsel [*George A. Grabow*, attorney], for the respondent.

PER CURIAM. We are of the opinion that the judgment herein, in favor of the plaintiff and against the three defendants, should be reversed and a new trial granted, with costs to the appellant, New York Linen Supply and Laundry Co., Inc., to abide event, on the ground that the court erred in charging the jury that there was nothing in the case showing that plaintiff was herself negligent. The plaintiff was injured by the truck of the defendant Milton Rapid Delivery Corporation striking her as she was walking across Madison avenue on the northerly crosswalk at Thirty-third street in the city of New York. Immediately prior to plaintiff's sustaining her injuries the truck of the defendant, appellant, New York Linen Supply and Laundry Co., Inc., was proceeding northerly on Madison avenue. The driver of the appellant's truck testified that in crossing Thirty-third street the lights were green on Madison avenue, permitting north and south traffic on said avenue. The truck of the defendant Milton Rapid Delivery Corporation was proceeding westerly on Thirty-third street, the driver of the last-mentioned truck testifying that he proceeded across Madison avenue when the traffic lights were green, permitting westerly passage on Thirty-third street. The two trucks came together at the center of the intersection of Madison avenue and East Thirty-third street, resulting in the truck of the Milton Rapid Delivery Corporation being driven out of its course and striking the plaintiff. If the plaintiff and the driver of the Milton Rapid Delivery Corporation truck were correct in their testimony, then the negligence which caused plaintiff's injuries was that of the defendant, appellant. If, on the other hand, the lights on Madison avenue were green, then the negligence was that of the Milton Rapid Delivery Corporation in crossing Madison avenue against red lights. The court, we think, first charged the jury correctly, that the plaintiff must show that the defendants, or one of them or more of them, were negligent,

and that she must also show that she was not negligent. But immediately following such correct charge, the court charged the jury: " I charge you there is nothing in this case showing that the plaintiff was negligent." This the court repeated later on in its charge to the jury. We think there was sufficient evidence from which the jury might have found the defendant, appellant, free from negligence, and that plaintiff crossed Madison avenue when the lights on said avenue were green. The court's instructions to the jury, that there was nothing in the case showing that the plaintiff was guilty of any negligence, we think, constituted error, and that the question of the plaintiff's contributory negligence should have been left to the jury to determine as a question of fact.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide event.

Present — FINCH, P. J., MERRELL, MARTIN, O'MALLEY and UNTERMYER, JJ.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.